IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DERRICK WAYNE BURTON | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv409 |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM OPINION</u>

Derrick Wayne Burton, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

<u>Factual Background</u>

In 1997, a federal grand jury returned a two-count indictment against movant and three co-defendants. In count 1, all the defendants were charged with conspiracy to distribute and to possess with the intent to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 846. In count 2, all the defendants were charged with possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). A Second Superseding Indictment was subsequently returned which included charges against additional defendants. Following a jury trial, movant was convicted of both offenses. He was sentenced to 235 months imprisonment and a five year term of supervised release. The convictions were affirmed by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion. *United States v. Gilbert*, No. 98-41040 (Oct. 21, 1999).

Movant subsequently filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion to

vacate was denied by this court on November 26, 2001. *Burton v. United States*, No. 1:00cv776. The Fifth Circuit denied movant's request for a certificate of appealability. *United States v. Burton*, No. 02-40123 (Sep. 11, 2002).

### Discussion

After considering the prior proceedings in movant's case, it must be concluded that movant's current filing constitutes a second motion to vacate, set aside or correct sentence. Pursuant to 28 U.S.C. § 2255, a second or successive motion to vacate may only be entertained by a district court if it has been certified by the appropriate court of appeals to be based on either: (1) newly discovered evidence that if proven would prevent any reasonable factfinder from finding the movant guilty of the offense charged or (2) a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

As described above, movant previously filed a motion to vacate challenging his convictions. The prior motion to vacate was denied on the merits. Accordingly, movant must receive permission from the Fifth Circuit before proceeding with a second motion to vacate. As movant does not state he has received such permission, his current filing must be dismissed without prejudice as successive.

### Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed without prejudice for

```
failure to obtain certification from the Fifth Circuit.  A
judgment shall be entered in accordance with this Memorandum
Opinion.
```

    **SIGNED** this the **22** day of **June, 2005.**

_____
Thad Heartfield
United States District Judge